ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
KEVIN A. SEELY (199982)
ASHLEY R. RIFKIN (246602)
STEVEN M. MCKANY (271405)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
           kseely@robbinsarroyo.com
           arifkin@robbinsarroyo.com
           smckany@robbinsarroyo.com

[Additional Counsel on Signature Page]

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENRIC CLAIBORNE, on Behalf of Himself, All Others Similarly Situated, and the General Public, <br><br> Plaintiff, <br><br> v. <br><br> CHURCH & DWIGHT CO., INC., <br><br> Defendant. | Case No: **'17 CV 0746 L    JLB** <br><br> <u>CLASS ACTION COMPLAINT FOR VIOLATIONS OF</u>: <br><br> (1) CAL. BUS. & PROF. CODE §§17200, ET SEQ.; <br> (2) CAL. BUS. & PROF. CODE §§17500, ET SEQ.; <br> (3) CAL. CIV. CODE §§1750, ET SEQ.; AND <br> (4) BREACH OF EXPRESS & IMPLIED WARRANTIES <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Kenric Claiborne, on behalf of himself, all others similarly situated, and the general public, by and through his undersigned counsel, hereby sues defendant Church & Dwight Co., Inc. ("C&D"), and alleges the following upon his own knowledge, or where he lacks personal knowledge, upon information and belief, including the investigation of his counsel.

## INTRODUCTION

1.      California law is clear: Merchandise may be labeled as "Made in the USA" if either: (1) all nondomestic parts constitute no more than 5% of the final wholesale value of the product; or (2) a manufacturer can show that a specific part could not be obtained within the U.S. and that part does not constitute more than 10% of the final wholesale value.  Otherwise, a manufacturer may not label its products as "Made in U.S.A.," "Made in America," "U.S.A.," or use similar words to convey that its products are made in the United States.

2.      C&D falsely advertises and markets at least two of its Trojan brand condoms, Magnum Thin Ultrasmooth and Magnum Ecstasy Ultrasmooth (collectively, the "Products") as being "Made in U.S.A." when, in fact, nondomestic parts comprising natural latex used in the Products constitute more than 10% of the Products' final wholesale value.

3.      Plaintiff brings this action seeking injunctive and monetary relief on behalf of himself, all other similarly-situated California consumers, and the general public, alleging violations of the Unfair Competition Law, California Business & Professions Code sections 17200, *et seq*.; False Advertising Law, *id*. sections 17500, *et seq*.; Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq*.; and as well as breaches of express and implied warranties.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy

- 1 -

exceeds the sum or value of $5,000,000 exclusive of interest and costs, at least one member of the class of plaintiffs is a citizen of a state different from C&D. In addition, more than two-thirds of the members of the class reside in states other than the state in which C&D is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. §1332(d) do not apply.

5.    Venue is proper in this court pursuant to 28 U.S.C. §1391, because plaintiff resides and suffered injury as a result of defendant's acts in this district, many of the acts and transactions giving rise to this action occurred in this district, defendant conducts substantial business in this district, defendant has intentionally availed itself of the laws and markets of this district, and defendant is subject to personal jurisdiction in this district.

## THE PARTIES

6.    Plaintiff Kenric Claiborne is a resident of San Diego County, California.

7.    Defendant C&D is a Delaware corporation with its principal place of business at 500 Charles Ewing Boulevard, Ewing, New Jersey.

## FACTS

8.    C&D is a major American manufacturer of household products, including the Trojan brand of male condoms.  As of 2006, 69% of condoms purchased in United States drugstores were Trojan brand.

9.    Condoms are most commonly manufactured with latex, either synthetic or natural. Synthetic latex is produced from petrochemicals and can be created anywhere. Natural latex, though, is derived naturally from rubber trees—most commonly the Pará rubber tree (*Hevea brasiliensis*).

10.    Although natural latex is produced and available in the United States, the country has no significant domestic natural rubber production. Despite that it does not produce any significant amounts of natural rubber, the United States is the single largest rubber consumer, using approximately 20% of the global supply for its

commercial, medical, transportation, and defense industries, including over $500 million retail value of condoms utilizing imported natural rubber.

11.    Thus, U.S. manufacturers who desire to utilize natural latex, including condom manufacturers like C&D, depend on foreign imports, most typically from southeast Asian countries, which account for approximately 90% of the world's production.

12.    About six in every 100 people have an allergy to natural latex.  For that reason C&D includes an allergy warning on its manufactured goods that contain natural latex, including the Products, which specifically state that they are made with natural latex.

13.    However, C&D also claims on the labels of the Products, in a prominent fashion, that they are "Made in U.S.A."  Contrary to defendant's representations, however, the Products are wholly, or at least substantially, manufactured with a component—natural latex—that is produced entirely outside of the United States. Notwithstanding that the Products may contain spermicide, lubricant, anesthetics, or other ancillary components, the only substantial component of the Products, and the component that makes the Products effective as a birth control, is the natural latex.

14.    Average consumers are unaware that natural latex is not produced within the United States and therefore possess no knowledge that the Products, which are claimed to be "Made in U.S.A.," are in fact manufactured with components from outside the United States.

15.    C&D's misrepresentations were material.  Consumers generally believe that "Made in USA" products are of higher quality than their foreign-manufactured counterparts and that they are produced with higher standards, and by American companies and workers.  Consumers are willing to pay a higher price for goods produced with American-sourced components and that are genuinely "Made in the U.S.A."  Thus, the Products cost more than similar products without misleading

"Made in U.S.A." claims, and would have cost less absent the false claim.

16.     C&D is aware of consumer preference for American made products, and therefore employs and has employed a strategic marketing campaign intended to convince consumers that its Products are "Made in U.S.A." in conformity with California law, even though C&D knows its Products do not qualify under California to be labeled as "Made in U.S.A."   C&D has been unjustly enriched by falsely claiming that the Products are "Made in U.S.A."

<u>**PLAINTIFF'S PURCHASE AND INJURY**</u>

17.     Beginning in approximately July 2016, plaintiff has purchased the Products on numerous occasions, typically from the AM/PM located at 3296 El Cajon Boulevard, in San Diego, California.   In deciding to purchase the Products, plaintiff relied on C&D's claims that the Products are "Made in U.S.A."

18.     When purchasing the Products, plaintiff was seeking a product that was made in the United States, and relied on the Products' label claim to believe that what he was purchasing was in fact made in the United States.

19.     The labeling of the Products, however, was misleading, and had the capacity, tendency, and likelihood to confuse or confound plaintiff and other consumers acting reasonably (including the putative class), as described in detail herein.

20.     Plaintiff acted reasonably in relying on C&D's "Made in U.S.A." claims, which C&D intentionally placed on the Products' labels with the intent to induce consumers into purchasing the Products.

21.     The Products cost more than similar products without misleading labeling, and would have cost less absent the false and/or misleading "Made in U.S.A." claims.

22.     If C&D was enjoined from making the "Made in U.S.A." claims, the market demand and price for its Products would drop, as it has been artificially and

1  fraudulently inflated due to C&D's use of deceptive labeling.

2      23.    Plaintiff paid more for the Products, and would only have been willing

3  to pay less, or unwilling to purchase it at all, absent the misleading "Made in U.S.A."

4  claims complained of herein.

5      24.    For these reasons, the Products were worth less than what plaintiff and

6  the members of the Class (as defined herein) paid for them.

7                          **CLASS ACTION ALLEGATIONS**

8      25.    While reserving the right to redefine or amend the class definition prior

9  to seeking class certification, pursuant to Rule 23 of the Federal Rules of Civil

10  Procedure, plaintiff seeks to represent a Class of all persons in California who, on or

11  after April 13, 2013 (the "Class Period"), purchased, for personal, family, or

12  household use and not for resale or distribution, Trojan Magnum Thin Ultrasmooth

13  Condoms or Trojan Magnum Ecstasy Ultrasmooth Condoms (the "Class").

14      26.    The members in the proposed Class are so numerous that individual

15  joinder of all members is impracticable, and the disposition of the claims of all Class

16  members in a single action will provide substantial benefits to the parties and Court.

17      27.    Questions of law and fact common to plaintiff and the Class include:

18          (a)    whether C&D's "Made in U.S.A." claims are material to

19  reasonable consumers;

20          (b)    whether C&D's "Made in U.S.A." claims are false, misleading, or

21  reasonably likely to deceive the public or consumers acting reasonably because the

22  Products are not made in the United States as defined by California law;

23          (c)    whether C&D made any statement it knew or should have known

24  was false or misleading;

25          (d)    whether C&D's practices were immoral, unethical, unscrupulous,

26  or substantially injurious to consumers;

27

28

(e)     whether the utility of any of C&D's practices, if any, outweighed the gravity of harm to its victims;

(f)     whether C&D's conduct violated public policy;

(g)     whether the consumer injury caused by C&D's conduct was substantial, not outweighed by benefits to consumers or competition, and not one consumers, themselves, could reasonably have avoided;

(h)     whether C&D's policies, acts, and practices with respect to the Products were designed to, and did result in the purchase and use of the Products by the Class members primarily for personal, family, or household purposes;

(i)     whether on the labels of the Products there appears the words "Made in U.S.A.," "Made in America," "U.S.A.," or similar words;

(j)     whether the Products are made, manufactured, or produced with one or more articles, units, or parts from outside of the United States, which constitute more than 5% of the final wholesale value of the manufactured product;

(k)     whether C&D can demonstrate that it can neither produce the foreign article, unit, or part within the United States, nor obtain the article, unit, or part of the merchandise from a domestic source and, if true, whether all of the articles, units, or parts of the merchandise obtained from outside the United States constitute more than 10% of the final wholesale value of the manufactured product;

(l)     whether C&D violated California Business & Professions Code section 17533.7 by falsely making the claim that its Products are "Made in U.S.A.";

(m)     whether C&D represented that the Products have characteristics, uses, or benefits which they do not have, within the meaning of California Civil Code section 1770(a)(5);

(n)     whether C&D represented that the Products are of a particular standard, quality, or grade, when they were really of another, within the meaning of California Civil Code section 1770(a)(7);

(o)     whether C&D advertised the Products with the intent not to sell them as advertised, within the meaning of California Civil Code section 1770(a)(9);

(p)     whether C&D represented that the Products have been supplied in accordance with previous representations when they have not, within the meaning of California Civil Code section 1770(a)(16);

(q)     whether through the challenged labels and advertising, C&D made affirmations of fact or promises, or descriptions of the goods;

(r)     whether C&D's affirmations of fact or promises, or descriptions of the goods became part of the basis of the bargain for Class members' purchases;

(s)     whether C&D failed to provide the goods in conformation with its affirmations of fact, promises, and descriptions of the goods;

(t)     whether C&D's conduct violates state or federal statutes or regulations;

(u)     the proper amount of damages, including punitive damages;

(v)     the proper amount of restitution;

(w)     the proper scope of injunctive relief; and

(x)     the proper amount of attorneys' fees.

28.     These common questions of law and fact predominate over questions that affect only individual Class members.

29.     Plaintiff's claims are typical of Class members' claims because they are based on the same underlying facts, events, and circumstances relating to C&D's conduct.  Specifically, all Class members, including plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Products and suffered economic injury because the Products' "Made in U.S.A." claims are false and/or misleading.  Absent C&D's business practice of deceptively and unlawfully labeling the Products, plaintiff and Class members would only have been willing to pay less, or unwilling to purchase them at all.

30.     Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving false and misleading advertising.

31.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

32.     C&D has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

33.     As a result of the foregoing, class treatment is appropriate under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

## COUNT I

### Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *Et Seq.*

34.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

35.     The Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code §17200.

36.     The acts, omissions, misrepresentations, practices, and non-disclosures of C&D as alleged herein constitute business acts and practices.

### Fraudulent

37.     A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

38.     As set forth herein, C&D's claims relating to the Products are likely to deceive reasonable consumers and the public.

**Unlawful**

39.     The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

(a)     the False Advertising Law ("FAL"), California Business & Professions Code sections 17500, *et seq.*;

(b)     the Consumers Legal Remedies Act ("CLRA"), California Civil Code sections 1750, *et seq.*;

(c)     California's "Made in U.S.A." Law, California Business & Professions Code section 17533.7.

(i) Specifically, California Business & Professions Code section 17533.7 makes it unlawful for any person, firm, corporation, or association to sell or offer for sale in this state any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America," "U.S.A.," or similar words if the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

(ii) California Business & Professions Code section 17533.7 does not apply to merchandise made, manufactured, or produced in the United States that has one or more articles, units, or parts from outside of the United States, if both of the following apply: (A) the manufacturer of the merchandise shows that it can neither produce the article, unit, or part within the United States nor obtain the article, unit, or part of the merchandise from a domestic source; and (B) all of the articles, units, or parts of the merchandise obtained from outside the United

States constitute not more than 10% of the final wholesale value of the manufactured product.

(iii) C&D's Products are made from natural latex, which is an article, unit, or part from outside of the United States.  Natural latex constitutes more than 10% of the final wholesale value of the Products.  For this reason, no exception to California Business & Professions Code section 17533.7 exists for the Products.

(iv) C&D profited from its sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

(v) Plaintiff and Class members are likely to be damaged by C&D's continued deceptive trade practices, as C&D continues to falsely advertise that the Products are "Made in U.S.A." Thus, injunctive relief enjoining this deceptive practice is proper.

(vi) C&D's conduct caused and continues to cause substantial injury to plaintiff and the other Class members, who have suffered injury in fact as a result of C&D's unlawful conduct.

(vii) Plaintiff, on behalf of himself and the Class also seeks an order for disgorgement and restitution of all monies from the sale of the Products, which were unjustly acquired through violations California Business & Professions Code section 17533.7.

**Unfair**

40.    C&D's conduct with respect to the labeling, advertising, and sale of the Products was unfair because C&D's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not

outweigh the gravity of the harm to its victims.

41. C&D's conduct with respect to the labeling, advertising, and sale of the Products was also unfair because it violated public policy as declared by specific constitutional, statutory, or regulatory provisions, including, but not limited to, the FAL.

42. C&D's conduct with respect to the labeling, advertising, and sale of the Products was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers, themselves, could reasonably have avoided.

43. C&D profited from its sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

44. Plaintiff and Class members are likely to be damaged by C&D's continued deceptive trade practices, as C&D continues to falsely advertise and sell the Products. Thus, injunctive relief enjoining this deceptive practice is proper.

45. C&D's conduct caused and continues to cause substantial injury to plaintiff and the other Class members, who have suffered injury in fact as a result of C&D's unlawful conduct.

46. In accordance with California Business & Professions Code section 17203, plaintiff, on behalf of himself, the Class, and the general public, seeks an order enjoining C&D from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

47. Plaintiff, on behalf of himself and the Class also seeks an order for disgorgement and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

## COUNT II

### Violations of the False Advertising Law,
### Cal. Bus. & Prof. Code §§17500, *Et Seq.*

48. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

49. Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code §17500.

50. As alleged herein, the advertisements, labeling, policies, acts, and practices of C&D relating to the Products misled consumers acting reasonably as to whether the Products are "Made in U.S.A."

51. Plaintiff suffered injury in fact as a result of C&D's actions as set forth herein because plaintiff purchased the Products in reliance on C&D's false and misleading marketing claims that the Products are "Made in U.S.A."

52. C&D's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because C&D has advertised the Products in a manner that is untrue and misleading, which C&D knew or reasonably should have known.

53. C&D profited from its sales of the falsely and deceptively advertised Products to unwary consumers.

54. As a result, pursuant to California Business & Professions Code section 17535, plaintiff and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which C&D was unjustly enriched.

# COUNT III

## Violations of the Consumer Legal Remedies Act,
## Cal. Civ. Code §§1750, *Et Seq.*

55.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

56.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

57.     C&D's false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of C&D's Products for personal, family, or household purposes by plaintiff and other Class members, and violated and continue to violate at least the following sections of the CLRA:

    (a)     section 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

    (b)     section 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

    (c)     section 1770(a)(9): advertising goods with intent not to sell them as advertised; and

    (d)     section 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

58.     C&D profited from its sales of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

59.     C&D's wrongful business practices regarding the Products constituted, and constitute, a continuing course of conduct in violation of the CLRA.

60.     On February 1, 2017, plaintiff sent a CLRA section 1782(a) notice to C&D (via U.S. certified mail, return receipt requested), a copy of which is attached

hereto as Exhibit A.  C&D was served with a copy of the letter shortly after plaintiff sent it out.

61.    C&D failed to provide appropriate relief for its violations of CLRA sections 1770(a)(5), (7), (9) and (16) within thirty days of receipt of plaintiff's notification.  In accordance with California Civil Code section 1782(b), plaintiff and the Class are entitled, under CLRA section 1780, to recover and obtain the following relief for C&D's violations of CLRA sections1770(a)(5),(7), (9) and (16):

(a)    actual damages under CLRA section 1780(a)(1);

(b)    restitution of property under CLRA section 1780(a)(3);

(c)    punitive damages under CLRA section 1780(a)(4) and because C&D has engaged in fraud, malice or oppression;

(d)    attorneys' fees and costs under CLRA section 1780(d); and

(e)    any other relief the Court deems proper under CLRA section 1780(a)(5).

62.    Plaintiff seeks an award of attorney's fees pursuant to, inter alia, California Civil Code section 1780(e) and California Code of Civil Procedure section 1021.5.

## COUNT IV

### Breaches of Express Warranties, Cal. Com. Code §2313(1)

63.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

64.    Through the Products' label, C&D made affirmations of fact or promises, or description of goods, that, *inter alia*, the Products are "Made in U.S.A." These representations were "part of the basis of the bargain," in that plaintiff and the Class purchased the Products in reasonable reliance on those statements.  Cal. Com. Code §2313(1).

65.    C&D breached its express warranties by selling the Products that are

not "Made in U.S.A."

66.   That breach actually and proximately caused injury in the form of the lost purchase price that plaintiff and Class members paid for the Products.

67.   Plaintiff notified C&D of the breach prior to filing, but C&D failed to rectify the breach.

68.   As a result, plaintiff seeks, on behalf of himself and other Class members, actual damages arising as a result of C&D's breaches of express warranty.

## COUNT V

### Breach of Implied Warranty of Merchantability, Cal. Com. Code §2314(2)(f)

69.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

70.   C&D, through its acts set forth herein, in the sale, marketing, and promotion of the Products, made representations to plaintiff and the Class that, among other things, the Products are "Made in U.S.A."

71.   C&D is a merchant with respect to the goods of this kind which were sold to plaintiff and the Class, and there was, in the sale to plaintiff and other consumers, an implied warranty that those goods were merchantable.

72.   However, C&D breached that implied warranty in that the Products are not "Made in U.S.A." as set forth in detail herein.

73.   As an actual and proximate result of C&D's conduct, plaintiff and the Class did not receive goods as impliedly warranted by C&D to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods, in violation of California Commercial Code section 2314(2)(f).

74.   Plaintiff notified C&D of the breach prior to filing, but C&D failed to rectify the breach.

75.   As a result, plaintiff seeks, on behalf of himself and other Class

- 15 -

members, actual damages arising as a result of C&D's breaches of implied warranty.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for judgment against C&D as to each and every count, and the following remedies:

A.     An order declaring this action to be a proper class action, appointing plaintiff as class representative, and appointing undersigned counsel as class counsel;

B.     An order requiring C&D to bear the cost of class notice;

C.     An order enjoining C&D from using any challenged labeling or marketing claim that is found to be false, misleading, or unlawful;

D.     An order compelling C&D to conduct a corrective advertising campaign;

E.     An order compelling C&D to destroy all misleading and deceptive advertising materials, and the Products' labels;

F.     An order requiring C&D to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising;

G.     An award of attorneys' fees and costs;

H.     An order requiring C&D to pay statutory, compensatory, and punitive damages where permitted by law;

I.     Pre- and post-judgment interest; and

J.     Any other and further relief that Court deems necessary, just, or proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 13, 2017

ROBBINS ARROYO LLP
BRIAN J. ROBBINS
KEVIN A. SEELY
ASHLEY R. RIFKIN
STEVEN M. MCKANY


/s/ *Brian J. Robbins*
BRIAN J. ROBBINS

600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
         kseely@robbinsarroyo.com
         arifkin@robbinsarroyo.com
         smckany@robbinsarroyo.com

THE LAW OFFICE OF JACK
FITZGERALD, PC
JACK FITZGERALD
TREVOR M. FLYNN
MELANIE PERSINGER
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, CA 92103
Telephone: (612) 692-3840
Facsimile: (612) 362-9555
E-mail: jack@jackfitzgeraldlaw.com
         trevor@jackfitzgeraldlaw.com
         melanie@jackfitzgeraldlaw.com

Attorneys for Plaintiff

1149427

- 17 -

| Kenric Claiborne, on Behalf of Himself, All Others Similarly Situated, and the General Public v. Church & Dwight Co., Inc. | | |
|---|---|---|
| Class Action Complaint | | |
| **Exhibit List** | | |
| **Exhibit:** | **Description** | **Page Nos.:** |
| A | CLRA Notice dated February 1, 2017 | 1-3 |

# Exhibit A



600 B Street, Suite 1900
San Diego, CA 92101
619.525.3990 *phone*
619.525.3991 *fax*
www.robbinsarroyo.com

February 1, 2017

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Matthew T. Farrell, President and
Chief Executive Officer
CHURCH & DWIGHT CO., INC.
500 Charles Ewing Boulevard
Ewing, NJ 08628

> **Re:     CLRA Notice Concerning Trojan**

Dear Mr. Farrell:

We represent Kenric Claiborne. Pursuant to California Consumers Legal Remedy Act ("CLRA"), California Civil Code sections 1750, *et seq.*, (specifically, sections 1770(a)(5), (7), (9) and (16)), Mr. Claiborne, on behalf of himself and all other similarly situated citizens of the state of California, through his undersigned counsel, hereby notifies you that Church & Dwight Co., Inc.'s ("C&D" or the "Company") practices in promoting numerous products[1] as having been "Made in U.S.A." violates the CLRA as set forth in more detail below.

We believe you are already aware of this issue based on previously filed lawsuits and knowledge of the actual components in the Products. We demand that C&D rectify the violations of the CLRA within thirty days of receipt of this letter.

**Claim Summary**

This matter involves unfair business practices by C&D in the marketing and sale of the Products. According to C&D, the Products were "Made in U.S.A." However, under California law, a product cannot be labeled as "Made in the USA" if all the nondomestic parts constitute more than 5% of the final wholesale value of the product. C&D's Products are made wholly or substantially of natural latex, a product that is produced entirely outside of the United States. Natural latex is the only substantive component of the Products. Mr. Claiborne paid premiums for the Products based on the promise that they are made in the U.S.A.

C&D's conduct violates California state law, including the CLRA, California Civil Code sections 1750, *et seq.*, California's False Advertising Law, California Business & Professions Code sections 17500, *et seq.*, California Commercial Code sections 2313 and 2314. In particular, C&D's conduct violates, among other potentially applicable provisions, California Civil Code section 1770(a):

---

[1]   The products include, at a minimum, Trojan Magnum Thin Ultrasmooth and Magnum Ecstasy Ultrasmooth (collectively, the "Products").



Exhibit A - Page 1

(5) Representing goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

\* \* \*

(7) Representing goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

\* \* \*

(9) Advertising goods or services with intent to not sell them as advertised.

\* \* \*

(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

\* \* \*

(16) Representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

### Remedy for Unlawful Activity

On behalf of Mr. Claiborne and all other similarly affected persons, we request C&D cease such conduct and undertake the following actions to resolve the issues raised by this letter. To satisfy all applicable statutory and common law provisions, whether in tort or in contract, we request C&D commits to undertake all of the following:

1. Identify all affected customers in addition to Mr. Claiborne;

2. Advise all such persons of the right upon request to a full, complete, and timely refund of the purchase price of any falsely advertised products, including interest; and

3. Reimburse any associated expenditures and interest incurred on all such sums, costs, and reasonable attorneys' fees.

C&D's failure to comply with this request within thirty days from the date of this letter may subject C&D to additional damages, restitution, and injunctive relief claims under relevant statutory law. The additional relief sought may include $1,000 per person as provided under California Civil Code sections 1780 and 1782, exemplary damages, plus any other relief as may be appropriate.

*CLRA Notice Concerning Trojan*
February 1, 2017
Page 3

Please note an individual offer will not avoid potential suit or liability, even if accepted individually by Mr. Claiborne.  California law prohibits defendants from "picking off the representative plaintiff" because any proffered relief "must be granted to the entire class." *Watkins v. Wachovia Corp.*, 172 Cal. App. 4th 1576, 1590 n.15 (2009); *see also Kagan v. Gibraltar Sav. & Loan Ass'n*, 35 Cal. 3d 582, 593 (1984).  Thus, to avoid unnecessary litigation, it is in all parties' interests for C&D to take immediate action to address this problem.

This notice also serves as a demand to cure breaches of express and implied warranties, and to comply with all agreements and covenants of good faith and fair dealing created by C&D's warranties, advertisements, offers, and agreements or as established by law.  The requested relief applies to all such claims to the extent required by California or other applicable law.

**Evidence Preservation**

Mr. Claiborne hereby places C&D on notice to immediately preserve, and not to destroy, any evidence, documents, or materials, including all electronic or electronically-stored information, that may be relevant (or lead to the discovery of relevant or admissible evidence) concerning the claims summarized above.  Relevant evidence, created in electronic form subsequent to the date of delivery of this letter, should also be retained and not destroyed.  Mr. Claiborne requests that C&D take whatever steps are appropriate to preserve such evidence.

Please have your legal counsel contact us with any questions or response.

Sincerely,

Leonid Kandinov

cc:    Jack Fitzgerald, Esq. (via e-mail)

1152171

Exhibit A - Page 3